1  CRAIG A. WELIN (State Bar No. 138418)
    cwelin@frandzel.com
2  BRUCE D. POLTROCK (State Bar No. 162448)
    bpoltrock@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   1000 Wilshire Boulevard, Nineteenth Floor
4  Los Angeles, California 90017-2427
   Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Defendant, EYECANDY
   EYEWEAR LLC D/B/A FUSE LENSES
7  D/B/A, WWW.FUSELENSES.COM

8  JOHN A. ANTHONY, ESQ. (pro hac vice pending)
   Florida Bar No. 731013, janthony@anthonyandpartners.com
9  JULIA G. TRAINA, ESQ. (pro hac vice pending)
   Florida Bar No. 1042604,  jtraina@anthonyandpartners.com
10 ANTHONY & PARTNERS, LLC
   100 S. Ashley Drive, Suite 1600
11 Tampa, Florida 33602
   Tel.: (813) 273 5616
12 Fax: (813) 221 4113

13 Proposed Counsel for Defendant,
   EYECANDY EYEWEAR LLC D/B/A
14 FUSE LENSES D/B/A,
   WWW.FUSELENSES.COM
15

16              **UNITED STATES DISTRICT COURT**

17      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

18

| | |
|---|---|
| 19  ANTHONY FERREIRO, | Case No. |
| 20          Plaintiff, | |
| 21  vs. | (From the Superior Court of California, County of Los Angeles, Case No. 25STCV25375) |
| 22  EYECANDY EYEWEAR LLC, d/b/a FUSE LENSES d/b/a | |
| 23  WWW.FUSELENSES.COM | **NOTICE OF REMOVAL OF ACTION** |
| 24          Defendant. | |

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**TO THE UNITED STATES DISTRICT COURT, PARTIES, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Eyecandy Eyewear LLC d/b/a Fuse Lenses d/b/a www.fuselenses.com (the "Defendant"), files this Notice of Removal (the "Notice") and removes this action, Los Angeles Superior Court Case No. 25STCV25375 (this "State Court Action") from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  The grounds for removal are as follows:

1.      On August 29, 2025, Plaintiff, Anthony Ferreiro (the "Plaintiff") commenced this State Court Action against the Defendant by filing the attached Complaint (the "Complaint") in the Superior Court of California, Los Angeles County Case No. 25STCV25375.  The Complaint asserts three causes of action, for: (1) Violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code §630; (2) Violation of the CIPA, California Penal Code §638.51; and (3) Invasion of Privacy.

2.      Plaintiff served Defendant on September 19, 2025, at its Florida principal office.

3.      Under 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Defendant or otherwise filed in the State Court Action, including the Complaint, are attached as **Exhibit A** to this Notice.

4.      On October 20, 2025, the Defendant filed its notice of removal in the State Court Action to remove this action to this Court under 28 U.S.C. §1441 (this "Action") based on the Court's diversity jurisdiction under 28 U.S.C. §1332.  Plaintiff and Defendant are of diverse citizenship and, as discussed below, the matter in controversy exceeds $75,000.

5.      While the Complaint lacks a direct statement of the amount in controversy, the Supreme Court has made clear that a removing defendant need only

plausibly allege that the requirements for federal jurisdiction are met.  The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (*citing* 28 U. S. C. §1446(a)). "Evidence establishing the amount is controversy is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

6.     The body of this notice satisfies those requirements, establishing that this Action is properly removed to this Court under 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over the Action under 28 U.S.C. §1332.

7.     Under 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

## I.     DIVERSITY JURISDICTION

8.     This Court has original jurisdiction over this action based on 28 U.S.C. § 1332(a) because it is a civil action between Plaintiff, a citizen of California, and Defendant, a citizen of Florida, and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interest and costs.

## II.     COMPLETE DIVERSITY OF CITIZENSHIP

9.     There is complete diversity of citizenship between Plaintiff and Defendant in this action.  Complete diversity requires that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

10.     Plaintiff is a natural person residing in California.  Compl. ¶10.  For purposes of assessing diversity, Plaintiff is a therefore a citizen of California.

11.     For purposes of assessing diversity jurisdiction, "LLCs have the citizenship of all of their owners/members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).  Defendant is a Florida limited

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

liability company with its principal place of business at 1684 N. Belcher Road, Clearwater, FL 33765.  The Defendant is member-managed, and its two managing members are Brandon Dill and Jonathan L. Martino, each with an address of 1684 N. Belcher Road, Clearwater, FL 33765.  Both Mr. Dill and Mr. Martino are domiciled in Clearwater, Florida. Therefore, the Defendant is a citizen of Florida.

12.    The citizenship of the parties, therefore, is diverse.

### III.    MORE THAN $75,000 IN CONTROVERSY

13.    The aggregate amount in controversy, exclusive of interest and costs, exceeds the $75,000 threshold of 28 U.S.C. § 1332(a).

14.    Although the four corners of the Complaint do not explicitly plead the amount in controversy, Defendant alleges, as set forth below, that the aggregate amount in controversy here exceeds $75,000:  "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (*citing Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Where, as here, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84 (2014) (*citing* 28 U.S.C. § 1446(c)(2)(A)).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id*. Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. "The defendant must simply demonstrate that it is more likely than not that the amount in controversy exceeds the statutory minimum." *Boyle v. YSI US, Inc*., No. 8:25-CV-00220-JVS-ADS, 2025 WL 885100, at *3 (C.D. Cal. Mar. 20, 2025) (internal citations omitted).

15.    The Complaint seeks the following relief, exclusive of interest and costs:

a.    Count I (CIPA, Cal. Penal Code §638.51) – Statutory damages of $5,000, injunctive relief, and attorneys' fees, "and all other relief that is

FRANDZEL ROBINS BLOOM & CSATO, L.C.

1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90017-2427

(323) 852-1000

necessary, just, proper and appropriate." Compl. ¶¶ 46-47.

b.    Count 2 (CIPA, Cal. Penal Code §630, *et seq*.) – Statutory damages of $5,000, injunctive relief, and attorneys' fees, "and all other relief that is necessary, just, proper and appropriate. Compl. ¶¶ 57-58.

c.    Count 3 (Invasion of Privacy) – "equitable relief and just compensation in an amount to be determined at trial", punitive damages, and injunctive relief. Compl. ¶¶ 69, 70, and 72.

16.    As it relates to the statutory damages, the Complaint seeks statutory damages pursuant to Cal. Penal Code § 637.2(a)(1) in the amount of $5,000 per violation of the California Invasion of Privacy Act (CIPA). Compl. ¶¶ 46, 57, & Prayer. The Complaint alleges the Defendant violated CIPA §§ 631 and 638.51 by using routine analytics and advertising software on its website each time Plaintiff visited or interacted with the website. *Id*. ¶¶ 40-58. Without conceding the merits of Plaintiff's claims, these allegations put at least $10,000 in controversy.

17.    As it relates to punitive damages, the Complaint also seeks punitive damages. *Id*. ¶¶ 5, 70, & Prayer. "The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorney's fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law." *Karn v. Bayview Loan Servicing, LLC,* 2018 WL 3064301, at *4 (C.D. Cal. June 20, 2018). Punitive damages must be reasonably related to compensatory damages. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580 (1996) ("The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree."). However, there is no strict rule limiting the amount of punitive damages available relative to compensatory damages, and punitive damages awards that are three to five times the compensatory damages are certainly not unusual in California. "Although, the appropriate ratio of punitive to compensatory damages will vary from case to case, many courts in the Ninth Circuit have found a ratio of three to one appropriate." *Guadarrama v. Chadorbaff*, 2018

WL 5816191, at *11 (C.D. Cal. Apr. 30, 2018). Thus, without conceding the merits of Plaintiff's claims, Plaintiff's demand for $10,000.00 or more in compensatory damages conservatively puts $30,000-$50,000.00 in punitive damages at issue.

18.     The Complaint also seeks attorneys' fees. Compl. ¶¶5, 47, 58 & Prayer. "[T]he Ninth Circuit held that the total attorneys' fees awarded if the action succeeds can be included when computing the amount in controversy." *Boyle*, 2025 WL 885101 at *3 (*citing Fritsch*, 899 F.3d at 794. Attorneys' fees authorized by statute count toward the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citing to *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees … such fees may be included in the amount in controversy"). In sum, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794.

19.     California Code of Civil Procedure authorizes an award of attorneys' fees in any case "which has resulted in the enforcement of an important right affecting the public interest." Cal. Civ. Proc. Code § 1021.5. This enforcement of "an important right effecting public interest" could plausibly apply to CIPA actions such as this one. Moreover, under applicable law, including California Civil Code section 1717(a), Plaintiff is eligible to receive an award of attorney's fees under California law, which applies in this federal diversity action." Therefore, attorneys' fees must be factored into any analysis of the amount in controversy. As to Plaintiff's demand for attorneys' fees, courts in this District have regularly approved rates of $500 or more per hour, consistent with the Adjusted Laffey Matrix. However, even though "district courts may reject the estimated amount when it is 'too speculative,' they may use their expertise to determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' for attorneys' fees. *Boyle*, 2025 WL 885100 at *3 (*citing* to *Fritsch*, 899 F.3d at 795). Thus, even in the unlikely event that Plaintiff sought compensation for as little as 100 hours over the life of this Action,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    that would amount to $50,000.00 in attorneys' fees foreseeably at issue here.

2        20.    Thus, without even attempting to value the non-monetary relief

3    requested, the amount in controversy here for compensatory damages, punitive

4    damages, and attorneys' fees—all demanded in the Complaint—is well in excess of

5    the $75,000.00 threshold of 28 U.S.C. § 1332(a).

6        21.    However, the Complaint also seeks such nonmonetary relief.

7    Specifically, it is seeking "injunctive relief to require the Defendant from ceasing the

8    offending conduct." Compl. ¶¶ 47, 58, & Prayer. "[W]here the value of a plaintiff's

9    potential recovery … is below the jurisdictional amount, but the potential cost to the

10   defendant of complying with the injunction exceeds that amount, it is the latter that

11   represents the amount in controversy for jurisdictional purposes." *McCauley v. Ford

12   Motor Co*., 264 F.3d 952, 958 (9th Cir. 2001). The injunctive relief Plaintiff seeks

13   would include the costs of making changes to Defendant's technology regarding

14   tracking customer information, such as research, purpose, and coding of new

15   technology and services. Without conceding the merits of Plaintiff's claims,

16   compliance with the requested injunctive relief would likely exceed $20,000 in direct

17   costs, and, if removal of all pixels were required, would also eliminate advertising

18   functionality; resulting in the loss of approximately 40% of revenue, or roughly $4

19   million annually.

20       22.    In the aggregate, the amount of statutory damages, punitive damages,

21   cost of compliance with any injunction, and attorney's fees exceed $75,000.

22       23.    Accordingly, this Court has subject matter jurisdiction over this action

23   pursuant to 28 U.S.C. § 1332(a)(2).

24   **IV.   REMOVAL IS TIMELY**

25       24.    This Notice is also timely under 28 U.S.C. § 1446(b)(1) because it is

26   filed within 30 days of Plaintiff's September 19, 2025, service of the Complaint.

27       25.    The United States District Court for the Central District of California is

28   the proper place to remove this action under 28 U.S.C. § 1441(a) because it is the

federal district court that embraces the place where the State Court Action was filed and is pending.  See 28 U.S.C. §§ 1441(a), 1446(a).

26.    Concurrent with this filing, Defendant will provide a copy of this Notice to Plaintiff and file a copy of this Notice with the Superior Court of California, Los Angeles County, as required by 28 U.S.C. § 1446(d).

27.    In filing this Notice, Defendant does not waive, and specifically reserves, any and all defenses, motions, and pleas, including those concerning service, venue, jurisdiction, or any other objections it may have.

28.    If any question arises with regard to the removal of this Action, Defendant respectfully requests the opportunity to be heard on it.

**WHEREFORE**, Defendant respectfully requests that the above action pending against it in the Superior Court of California, Los Angeles County, bearing Case No. 25STCV25375, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

DATED:  October 20, 2025        FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                CRAIG A. WELIN
                                BRUCE D. POLTROCK


                         By:        /s/ Bruce D. Poltrock
                                _____
                                BRUCE D. POLTROCK
                                Attorneys for Defendant, EYECANDY
                                EYEWEAR LLC D/B/A FUSE LENSES
                                D/B/A, WWW.FUSELENSES.COM

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT A

08/18/25 @ 3:18PM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EYECANDY EYEWEAR LLC D/B/A FUSE LENSES D/B/A
WWW.FUSELENSES.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTHONY FERREIRO,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/29/2025 8:51 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk**

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California - Los Angeles County
111 N. Hill Street, Los Angeles, CA 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

25STCV25375

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Evan J. Smith (SBN 242352) Brodsky Smith, 9465 Wilshire Blvd., Ste. 300 Beverly Hills, CA 90212 877-534-2590

<table>
<tr><td>

DATE:
*(Fecha)*  08/29/2025

</td><td>

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by
*(Secretario)*  E. Galicia

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*   EYECANDY EYEWEAR LLC D/B/A FUSE LENSES D/B/A
WWW.FUSELENSES.COM

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):*   Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

</td></tr>
</table>

<table>
<tr><td>

1  Evan J. Smith, Esquire (SBN 242352)<br>
    esmith@brodskysmith.com<br>
2  Ryan P. Cardona, Esquire (SBN 302113)<br>
    rcardona@brodskysmith.com<br>
3  BRODSKY SMITH<br>
    9465 Wilshire Blvd., Ste. 300<br>
4  Beverly Hills, CA 90212<br>
    Telephone:  (877) 534-2590<br>
5  Facsimile: (310) 247-0160

</td><td>

**Electronically FILED by<br>
Superior Court of California,<br>
County of Los Angeles<br>
8/29/2025 8:51 AM<br>
David W. Slayton,<br>
Executive Officer/Clerk of Court,<br>
By E. Galicia, Deputy Clerk**

</td></tr>
</table>

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTHONY FERREIRO,<br><br>                Plaintiff,<br><br>      vs.<br><br>EYECANDY EYEWEAR LLC D/B/A<br>FUSE LENSES D/B/A<br>WWW.FUSELENSES.COM,<br><br>             Defendant. | CASE NO.: 25STCV25375<br><br>JUDGE:<br><br>DEPT.:<br><br>**COMPLAINT FOR:**<br><br>1.  **VIOLATION OF CALIFORNIA PENAL CODE § 630, *et. seq.*;**<br><br>2.  **VIOLATION OF CALIFORNIA PENAL CODE § 638.51**<br><br>3.  **INVASION OF PRIVACY**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

      Plaintiff Anthony Ferreiro (hereinafter, "Plaintiff"), through the undersigned counsel, files this action against defendant EyeCandy Eyewear LLC d/b/a Fuse Lenses d/b/a www.fuselenses.com (hereinafter "Defendant" or "Fuse Lenses") and alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

## INTRODUCTION

      1.    To learn the identity of anonymous visitors to www.fuselenses.com (the "Website") and monetize its knowledge of those visitors and their online habits, Defendant has secretly

1 || deployed spyware that accesses visitor devices, installs tracking software, and surveils their
2 || browsing habits.

3     2.    Plaintiff visited Defendant's Website and bought lenses being sold by the
4 || Defendant. Without being provided notice or Plaintiff's consent, Defendant secretly used "pen
5 || register" and "trap and trace" software ("PR/TT Spyware"), to access Plaintiff's device and install
6 || tracking software in violation of California law.

7     3.    Additionally, Defendant also secretly employed third party vendors, to secretly
8 || embed portions of computer code ("Session Replay Code") on the Website. Such code deploys
9 || itself on the internet browser of each consumer visiting the Website for the purpose of allowing
10 || devices and/or processes to intercept and record the visiting consumer's electronic
11 || communications with the Website, including their mouse movements, clicks, keystrokes (such as
12 || text being entered into an information field or text box), URLs of web pages visited, and/or other
13 || electronic communications in real-time ("Website Communications"). Third-party vendors, create
14 || and deploy Session Replay Code on the Website at Fuse Lenses' request.

15     4.    Defendant's unfair, deceptive, and unlawful practices of installing such software to
16 || improperly utilize Plaintiff's and other California consumers' data in order to gain monetary
17 || advantages has resulted in numerous violations of privacy against such persons.

18     5.    As such Plaintiff brings the instant action seeking statutory damages, punitive
19 || damages, declaratory and injunctive relief, attorney's fees and costs, and other appropriate relief.

20 **JURISDICATION AND VENUE**

21     6.    Defendant is subject to jurisdiction in this state under Cal. Penal Code section
22 || 502(j) which provides that a person who accesses a computer from another jurisdiction is deemed
23 || to have personally accessed the computer in California. Plaintiff was in California when
24 || Defendant accessed Plaintiff's device and installed tacking code.

25     7.    Additionally, Plaintiff utilized the Website to purchase Ray-Ban RB3483 (60mm),
26 || Fuse PRO G15 Polarized Replacement Lenses, for a total cost of $59.71 (the "Product") from
27 || Defendant via the Website on August 25, 2025. Defendant sold and thereafter shipped said
28 || Products into California to Plaintiff.

8.      Jurisdiction is also proper as Defendant purposefully availed itself to the jurisdiction by shipping consumer goods to Plaintiff who resides in the jurisdiction.

9.      Venue is proper in this County because Plaintiff resides in this County and the actions giving rise to the allegations contained herein occurred in this County.

## THE PARTIES

10.     Plaintiff is a resident of California.

11.     EyeCandy Eyewear LLC d/b/a Fuse Lenses is a Florida Limited Liability Company with its principal address at 1684 N. Belcher Road, Clearwater, FL 33765.

12.     To Plaintiff's belief and knowledge Defendant owns and/or operates the Website to sell goods to consumers in California, amongst other locales.

## SUBSTANTIVE ALLEGATIONS

### A. The California Invasion of Privacy Act

13.     The California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, is explicitly intended to protect certain privacy rights of California citizens, with the California Legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications ... has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630.

14.     CIPA proscribes any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a)

15.     The act goes on to define a "pen register" as a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b).

16.     Furthermore, a "trap and trace device" is defined as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a

1 | wire or electronic communication, but not the contents of a communication." Cal. Penal Code §
2 | 638.50(b).

3 |     17.    To put simply, a "pen register" is a "device or process" that records outgoing
4 | information, whereas a "trap and trace device" is a "device or process" that records incoming
5 | information. A "pen register" and "trap and trace device" are collectively referred to herein as
6 | "PenTraps" or "PR/TT", and the offending software complained of herein as "PR/TT Spyware".

7 |     18.    Historically, law enforcement used "pen registers" to record the numbers of
8 | outgoing calls from a particular telephone line, while law enforcement used "trap and trace
9 | devices" to record the numbers of incoming calls to that particular telephone line. As technology
10 | advanced, however, courts have expanded the application of those surveillance devices consistent
11 | with changes in both federal and state law.

12 |     19.    For example, with the passage of the 2001 USA PATRIOT Act, the Pen-Trap
13 | definition was expanded to include a device or process to keep up with the advancement and
14 | evolution of Internet technologies and communications. In 2015, the California Legislature
15 | overwhelmingly adopted this updated and expanded definition without a single vote in opposition.
16 | See Stats. 2015, ch. 204, § 1 (A.B. 929) (eff. Jan. 1, 2016); see also *In re Order Authorizing*
17 | *Prospective & Continuous Release of Cell Site Location Recs.*, 31 F. Supp. 3d 889, 898 n.46 (S.D.
18 | Tex. 2014) (citing *Susan Freiwald, Uncertain Privacy: Communication Attributes After the*
19 | *Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of PR/TT
20 | technology from mechanical device to computer system)).

21 |     20.    For example, if a user sends an email, a "pen register" might record the email
22 | address it was sent from, the email address that the email was sent to, and the subject line—because
23 | this is the user's outgoing information. On the other hand, if the same user receives an email, a
24 | "trap and trace device" might record the email address it was sent from, the email address it was
25 | sent to, and the subject line—because this is incoming information that is being sent to that same
26 | user.

27 |     21.    Although CIPA was enacted before the dawn of the Internet, "the California
28 | Supreme Court regularly reads statutes to apply to new technologies when such a reading would

not conflict with the statutory scheme." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at \*21 (N.D. Cal. Sept. 26, 2013); *see also, Greenley v. Kochava*, No. 22-cv-01327-BAS-AHG, - F. Supp. 3d -, 2023 WL 4833466, at \*15 (S.D. Cal. July 27, 2023) (referencing CIPA's "expansive language" when finding software was a "pen register"); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at \*1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, [CIPA] Section 631(a) applies to Internet communications."). This accords with the fact that "when faced with two possible interpretations of CIPA, the California Supreme Court has construed CIPA in accordance with the interpretation that provides the greatest privacy protection." *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at \*19 (N.D. Cal. Aug. 12, 2016).

22.    Additionally, CIPA proscribes any person from aiding and abetting the invasion of privacy by third parties. Specifically, Cal. Penal Code § 631(a), a plaintiff need only establish that a defendant, "by means of any machine, instrument, contrivance, or in any other manner" does any of the following:

Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument of any internal telephonic communication system,

Or

Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within the state,

Or

Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

Or

1    Aids, agrees with, employs, or conspires with any person or persons to unlawfully

2    do, or permit, or cause to be done any of the acts or things mentioned above in this

3    section.

4    Cal. Penal. Code § 631(a).

5        23.    Notably, Section 631(a) is not limited to phone lines, but also applies to "new

6    technologies" such as computers, the Internet, and email. *See, Matera v. Google Inc.*, 2016 WL

7    8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be

8    construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google,*

9    *Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic

10   communications"); *In re Facebook, Inc. Internet Tracking Litigation*, --- F.3d --- 2020 WL

11   1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims

12   based on Facebook's collection of consumers' Internet browsing history).

13       24.    Session Replay Code, allowing third parties to surreptitiously intercept

14   communications of users to the Website, clearly falls into the above categories of conduct CIPA

15   is designed to curtail.

16   **B. PR/TT Spyware and Session Replay Code are Utilized to De-Anonymize Otherwise**

17   **Anonymous Website Visitors and Track and Surveil Such Users.**

18       25.    Individuals who use devices to connect to an Internet website are typically

19   anonymous and expect to remain anonymous. However, certain website operators, in an effort to

20   monetize the personally identifiable information ("PII") of individuals accessing their websites,

21   secretly attach a "tracking beacon" to visitor devices that are then used to track and surveil users

22   in.

23       26.    The tracking software will connect fragments of information – such as a unique IP

24   address, user's operating system name, operating system version number, browser name, browser

25   version number, browser language, screen resolution, geolocation data, email address, mobile ad

26   IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature

27   – with connections between them. The tracking software also connects and correlates "undeclared

28   identifiers,"    such    as    membership    in    an    email    or    subscriber    list,    demographics,

1 | purchases/transactions, visits to online news sites, survey results, voter registration, and motor
2 | vehicle records.

3 | 27.    Using tracking software, a website owner can correlate a grouping of fragments and
4 | the connections between them to create a unique digital profile of each individual website visitor.
5 | This process is known as "digital fingerprinting."

6 | 28.    If a website owner can link a unique digital profile created by digital fingerprinting
7 | to a particular individual, the website owner can assemble a detailed picture of a person's private
8 | life, including: the online services for which an individual has registered; personal interests based
9 | on websites visited; organizational affiliations; where the individual has been physically; a
10 | person's political and religious affiliations; individuals with whom they have leanings and with
11 | whom    they    associate;    and    where    they    travel,    among    other    things.    *See*,
12 | https://www.priv.gc.ca/en/opc-actions-anddecisions/research/explore-privacy-
13 | research/2013/ip_201305/.

14 | 29.    Digital fingerprinting of a website's users allows the website owner or its agent to
15 | monitor user activity (such as page views, searches, or purchases), de-codes the device used by
16 | each website visitor, and enables a website to identify the location, race, age, preferences, internet
17 | browsing history, and ethnicity of each user.  This data is captured and processed for the purpose
18 | of identifying the source of electronic communications on the website for consumer identification
19 | purposes.

20 | 30.    For the preceding reasons, the ability to link a unique digital profile to a specific
21 | individual using digital fingerprinting is of great monetary value.  Indeed, it has created an entire
22 | industry known as "identity resolution."  Identity resolution is generally defined as "the ability to
23 | recognize an individual person, in real-time, by connecting various identifiers from their digital
24 | interactions    across    devices    and    touchpoints."    *See*  https://www.fullcontact.com/identity-
25 | resolution/.

26 | 31.    One way a website owner can gather digital fingerprints as part of its identity
27 | resolution efforts is by deploying PR/TT Spyware on its website.

28 |

32.    PR/TT Spyware captures electronic impulses that identify the originating source of Internet communication by capturing routing, address, or signaling information.

33.    Similarly, Session Replay Code enables website operators and Session Replay providers to intercept, record, save, and replay website visitors' interactions with a given website.

34.    This is accomplished by the Session Replay provider, inserting the Session Replay Code into the various event handling routines that web browsers use to receive input from users, thus intercepting the occurrence of actions the user takes. When a website delivers Session Replay Code to a user's browser, the code waits and listens for specified events and communications, like a traditionally tapped phone, and each time an event triggers the code the browser will follow the code's instructions by sending responses in the form of "event" data to a designated third-party server. Typically, the server receiving the event data is controlled by the third-party entity that wrote the Session Replay Code, rather than the owner of the website where the code is installed.

35.    The types of events captured by Session Replay Code vary by specific product and configuration, but in general are wide-ranging and can encompass virtually every user action, including all mouse movements, clicks, scrolls, zooms, window resizes, keystrokes, text entry, and numerous other forms of a user's navigation and interaction through the website. In order to permit a reconstruction of a user's visit accurately, the Session Replay Code must be capable of capturing these events at hyper-frequent intervals, often just milliseconds apart. Events are typically accumulated and transmitted in blocks periodically throughout the user's website session, rather than after the user's visit to the website is completely finished.

36.    Once such data is captured by the Session Replay Code, the third party Session Replay provider is able to store such data and replay it, similarly to running back a video, to carefully analyze all inputs, keystrokes, and other data input by the user onto a website utilizing such Session Replay Code.

37.    Session Replay Code is likely to even capture information that a user did not intend to provide to the website utilizing such code. For example, a consumer who entered the banking details of their VISA card into a payment field on a website utilizing Session Replay Code when they meant to provide similar details for their American Express card will have unknowingly

provided details for both to the Session Replay provider – the Session Replay Code captures all keystrokes made on the website regardless of whether a completed form is submitted by the user.

38.     Session Replay Code also is highly likely to de-anonymize all users on the Website, as it will necessarily capture any and all information submitted to the Website for purchase and shipping details, including a user's e-mail address, phone number, physical address, name, etc.

39.     The PII that can be captured by Session Replay Code is likely to include highly private and sensitive information including credit card details, medical information, and password information, amongst other things.

## **COUNT I**

### **(For Violations of CIPA, Cal. Penal Code § 638.51)**

40.     Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

41.     Section 638.51 of Cal. Penal Code provides that it is illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Cal. Penal Code § 638.51(a). A "'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. Cal. Penal Code § 638.50(b).

42.     The Defendant deployed illegal PR/TT by placing Spyware website cookies/beacons on the Plaintiff's device.

43.     The PR/TT allowed Defendant to knowingly and criminally access Plaintiff's device, and obtain Plaintiff's personal information including, inter alia, Plaintiff's IP address.

44.     The Defendant deployed the PR/TT without providing privacy tracking or cookie disclaimers or notifications through popups, modals, dialogs, or banners. Plaintiff did not consent to Defendant's actions.

45.     Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's caused by the violation of Plaintiff's right to privacy.

46. Plaintiff is entitled to statutory damages of $5,000. *See*, Cal. Penal Code § 637.2(a)(1).

47. Plaintiff further seeks, as provided under CIPA, injunctive relief to require the Defendant from ceasing the offending conduct, as well as attorneys' fees and costs of suit, and all other relief that is necessary, just, proper, and appropriate.

### COUNT II

### (For Violations of CIPA, Cal. Penal Code § 630 *et seq.*)

48. Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

49. CIPA proscribes any person from aiding and abetting the invasion of privacy by third parties. Specifically, Cal. Penal Code § 631(a), a plaintiff need only establish that a defendant, "by means of any machine, instrument, contrivance, or in any other manner" does any of the following:

Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument of any internal telephonic communication system,

Or

Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within the state,

Or

Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

Or

Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

1 | Cal. Penal. Code § 631(a).

2 |     50.    Defendant aided and abetted third party Session Replay code providers to intercept
3 | components of Plaintiff's private electronic communications and transmissions when Plaintiff
4 | accessed the Website from within the State of California.

5 |     51.    At all relevant times, Defendant's business practices of injection Session Replay
6 | Code allowed third parties unauthorized by Plaintiff to access, intercept, learn the contents of, and
7 | collect Plaintiff's substantive communications, PII, and other data. This included Plaintiff's
8 | sensitive information including credit card information that was entered at the time of Plaintiff's
9 | purchase.

10 |     52.    By using the "Session Replay Code" spyware to allow others to track, record, and
11 | attempt to learn the contents of Plaintiff's electronic communications, Defendant knowingly and
12 | intentionally aided and abetted others to tap and learn the contents of Plaintiff's communications
13 | as they were in transit and being sent from or received in California.

14 |     53.    Plaintiff has an objective, reasonable expectation of privacy in his Website
15 | Communications. The Defendant deployed the Session Replay Code spyware without providing
16 | privacy tracking or cookie disclaimers or notifications thru popups, modals, dialogs, or banners

17 |     54.    Plaintiff did not consent to, nor authorize Defendant's intrusion at the time it
18 | occurred.   Plaintiff never agreed that Defendant could disclose the content of his Website
19 | Communications or credit card information to third parties.

20 |     55.    Plaintiff has an objective interest in precluding the dissemination and/or misuse of
21 | his information and communications and in conducting his personal activities without intrusion or
22 | interference, including the right to not have his personal information intercepted and utilized for
23 | business gain.

24 |     56.    Plaintiff suffered both an economic injury and an intangible injury caused by the
25 | violation of Plaintiff's right to privacy.

26 |     57.    Plaintiff is entitled to statutory damages of $5,000.   *See*, Cal. Penal Code §
27 | 637.2(a)(1).

28 |

58.    Plaintiff further seeks, as provided under CIPA, injunctive relief to require the Defendant to cease the offending conduct, as well as attorneys' fees and costs of suit, and all other relief that is necessary, just, proper, and appropriate.

## COUNT III

### (For Invasion of Privacy)

59.    Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

60.    The California Constitution recognizes the right to privacy inherent in all residents of the State and creates a private right of action against private entities that invade that right.

61.    Article I, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

62.    The right to privacy was added to the California Constitution in 1972, through Proposition 11 (called the "Right to Privacy Initiative"). Proposition 11 was designed to codify the right to privacy, protecting individuals from invasions of privacy from both the government and private entities alike: "The right of privacy is the right to be left alone. It is a fundamental and compelling interest. . . . It prevents government and business interests from collecting and stockpiling unnecessary information about us and from misusing information gathered for one purpose in order to serve other purposes or to embarrass us. Fundamental to our privacy is the ability to control circulation of personal information." Ballot Pamp., Proposed Stats. and Amends. to Cal. Const. with arguments to voters, Gen. Elec. (Nov. 7, 1972), argument in favor of Prop. 11, p. 27; *see also, Hill v. Colorado*, 530 U.S. 703, 716 (2000) (the right to privacy includes right to be free in one's home from unwanted communication); *Hill v. National Collegiate Athletic Assn.* (1994), 7 Cal.4th 1, 81, (Mosk, J., dissenting).

63.    Plaintiff has a legally protected privacy interests, as recognized by the California Constitution, CIPA, and common law.

64.    Plaintiff had a reasonable expectation of privacy under the circumstances, as they could not have reasonably expected that Defendant would violate state privacy laws and would install software on their personal computer and/or mobile device that would track and transmit their physical location and communications and share Plaintiff's PII with other parties.

65.    Defendant's conduct violates, at a minimum:

    a.    The right to privacy in data, communications and personal information contained on personal devices;

    b.    The California Constitution, Article I, Section 1;

    c.    The California Wiretapping Act;

    d.    The California Invasion of Privacy Act; and

    e.    The California Computer Data Access and Fraud Act.

66.    Defendant's conduct in secretly intercepting and collecting Plaintiff's PII, location data, and communications is an egregious breach of societal norms and is highly offensive to a reasonable person.

67.    Defendant's conduct in analyzing, using, and sharing with third parties the personal information and communications that Defendant intercepted and took from Plaintiff is an egregious breach of societal norms and is highly offensive to a reasonable person, and violates Plaintiff's reasonable expectations of privacy.

68.    Plaintiff did not consent for Defendant to track, collect, or use their personal information and communications.

69.    As a direct and proximate result of Defendant's invasions of their privacy, Plaintiff was injured and suffered damages. Plaintiff is entitled to equitable relief and just compensation in an amount to be determined at trial.

70.    By knowingly violating Plaintiff's privacy and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages.

71.    Defendant was unjustly enriched as a result of its invasion of Plaintiff's privacy.

72.    Plaintiff further seeks injunctive relief to require the Defendant to cease the offending conduct.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for and demands judgment against Defendant and requests the following relief:

A.    That this Court order Defendant to cease its violations of CIPA and the invasion of Plaintiff's privacy through its acts on the Website;

B.    That this Court issue an Order requiring Defendant to pay statutory damages, punitive damages, and attorney's fees;

C.    For prejudgment interest to the extent allowed by law;

D.    For costs of suit incurred herein; and

E.    That this Court award such other and further relief as it deems necessary, just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: August 29, 2025

BRODSKY SMITH

By: *Evan J. Smith*

Evan J. Smith, Esquire (SBN242352)
esmith@brodskysmith.com
Ryan P. Cardona, Esquire (SBN 302113)
rcardona@brodskysmith.com
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone:  (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky Smith - 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212 | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**8/29/2025 8:51 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By E. Galicia, Deputy Clerk** |

TELEPHONE NO.: 877-534-2590    FAX NO.: 310-247-0160
EMAIL ADDRESS: esmith@brodskysmith.com
ATTORNEY FOR (Name): Anthony Ferreiro

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111. N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses d/b/a www.fuselenses.com

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV25375 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 29, 2025

Evan J. Smith (SBN 242352)
_____
(TYPE OR PRINT NAME)

▶ *Evan J. Smith*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses, et al. | 25STCV25375 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses, et al. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Contract** (Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation               Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Ferreiro v. EyeCandy Eyewear LLC d/b/a Fuse Lenses, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS:<br>10833 Wilshire Blvd. |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90024 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __08/29/2025__

_Evan J. Smith_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/29/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV25375 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maurice A. Leiter | 54 | | | | | | |

<br><br><br>

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on 08/29/2025 _____
    (Date)
                                   By E. Galicia _____, Deputy Clerk

LACIV 190 (Rev 6/18)<br>LASC Approved 05/06     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/08/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ B. Allen _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Anthony Ferreiro

DEFENDANT:
EyeCandy Eyewear LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
25STCV25375

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/02/2025 | Time: 8:30 AM | Dept.: 54 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/08/2025

**Maurice A. Leiter**
Judicial Officer

Maurice A. Leiter / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Evan Smith
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/08/2025

By B. Allen
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* [www.lacourt.org/ADR/programs.html](www.lacourt.org/ADR/programs.html).
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* [www.lacourt.org/ADR](www.lacourt.org/ADR) *or email* [ADRCivil@lacourt.org](ADRCivil@lacourt.org).

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* [ADRCivil@lacourt.org](ADRCivil@lacourt.org).

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* [https://resolvelawla.com](https://resolvelawla.com).

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Brodsky & Smith, LLC<br>Evan Smith SBN 242352<br>9465 Wilshire Blvd., Ste. 300<br>Beverly Hills, CA 90212<br>  TELEPHONE NO: (610) 667-6200      FAX NO *(Optional)*:<br>  E-MAIL ADDRESS *(Optional)*: esmith@brodskysmith.com<br>  ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/24/2025 12:21 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Grim, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles |
|---|
| STREET ADDRESS:  111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Los Angeles, 90012-3117<br>BRANCH NAME:  Central District |

| PLAINTIFF / PETITIONER:   ANTHONY FERREIRO<br>DEFENDANT / RESPONDENT:   EYECANDY EYEWEAR LLC | CASE NUMBER:<br>25STCV25375 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>14144901 (26292848) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*    Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference
3. a.  Party served *(specify name of party as shown on documents served)*:
       EYECANDY EYEWEAR LLC D/B/A FUSE LENSES D/B/A WWW.FUSELENSES.COM
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       Brandon Dill - Person Authorized to Accept Service of Process
4. Address where the party was served:
   1684 N Belcher Rd., Clearwater, FL 33765
5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                          (2) at *(time)*:
   b. [X]  **by substituted service.** On *(date):*  Fri, Sep 19 2025          at *(time):*   03:28 PM          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
       GABBY LAGOMARSINI , MANAGER
       (1) [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) [X]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
           from *(city):*                                         or [X] a declaration of mailing is attached.
       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| PLAINTIFF / PETITIONER:   ANTHONY FERREIRO | CASE NUMBER: |
| DEFENDANT / RESPONDENT:   EYECANDY EYEWEAR LLC | 25STCV25375 |

5.　c.　[ ]　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)　on *(date)*:　　　　　(2)　from *(city)*:

(3)　[ ]　with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)　[ ]　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d.　[ ]　**by other means** *(specify means of service and authorizing code section)*:

　　　　　[ ]　Additional page describing service is attached.

6.　The "Notice to the Person Served" (on the summons) was completed as follows:

a.　[ ]　as an individual defendant.

b.　[ ]　as the person sued under the fictitious name of *(specify)*:

c.　[ ]　as occupant.

d.　[X]　On behalf of *(specify)*:　　EYECANDY EYEWEAR LLC D/B/A FUSE LENSES D/B/A WWW.FUSELENSES.COM

under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [X] other:　Corp. Code 17701.16, LLC | |

7.　**Person who served papers**

a.　Name:　　　　　　　　David Thomas

b.　Address:　　　　　　　1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

c.　Telephone number:　　800-938-8815

d.　**The fee** for service was:　$140

e.　I am:

(1)　[X]　not a registered California process server.

(2)　[ ]　exempt from registration under Business and Professions Code section 22350(b).

(3)　[ ]　a registered California process server:

(i)　[ ] owner　[ ] employee　[ ] independent contractor

(ii)　Registration No:

(iii)　County:

8.　[X]　**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.　[ ]　**I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:　September 23, 2025

David Thomas - APS-59454
_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: ANTHONY FERREIRO | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: EYECANDY EYEWEAR LLC | 25STCV25375 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 North McDowell Blvd Suite 300, Petaluma, CA  94954.

On 9/22/2025, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Alternative Dispute Resolution Information Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

EYECANDY EYEWEAR LLC D/B/A FUSE LENSES D/B/A WWW.FUSELENSES.COM
Brandon Dill - Person Authorized to Accept Service of Process
1684 N Belcher Rd.
Clearwater, FL 33765.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:    9/22/2025

Kendall Holmes

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack US, Inc.



### Superior Court of California, County of Los Angeles
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* www.lacourt.org/ADR/programs.html.
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* www.lacourt.org/ADR *or email* ADRCivil@lacourt.org.

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* https://resolvelawla.com.

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street,  Los Angeles, CA 90012

PLAINTIFF(S)/PETITIONER(S):
Anthony Ferreiro

DEFENDANT(S)/RESPONDENT(S):
EyeCandy Eyewear LLC

**FILED**
Superior Court of California
County of Los Angeles

09/08/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ B. Allen _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE

CASE NUMBER:

25STCV25375

---

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 09/08/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Smith, Evan" <esmith@brodskysmith.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012.

Dated: 09/8/2025

David W. Slayton, Executive Officer / Clerk of Court

By:  B. Allen _____

Deputy Clerk

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/08/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ B. Allen _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Anthony Ferreiro

DEFENDANT:
EyeCandy Eyewear LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
25STCV25375

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 12/02/2025   Time: 8:30 AM   Dept.: 54

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/08/2025

**Maurice A. Leiter**
Judicial Officer

Maurice A. Leiter / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Evan Smith
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/08/2025

By _B. Allen_
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/29/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV25375 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maurice A. Leiter | 54 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/29/2025
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By E. Galicia_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past
Proceedings

| CASE INFORMATION: | 25STCV25375 |
|---|---|
| Case Title: | ANTHONY FERREIRO VS EYECANDY EYEWEAR LLC |
| Filing Courthouse: | Stanley Mosk Courthouse |
| Filing Date: | 8/29/2025 |
| Case Type: | Civil Rights/Discrimination (General Jurisdiction) |
| Status: | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

[🖨 Print]   [New Search]

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past
Proceedings

| 12/2/2025 | 08:30 | Department 54 | 111 North Hill Street, Los Angeles, CA 90012 | Case Management Conference |
|---|---|---|---|---|

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past
Proceedings

| EYECANDY EYEWEAR LLC DBA FUSE LENSES DBA WWW.FUSELENSES.COM | Defendant |
|---|---|
| FERREIRO ANTHONY | Plaintiff |
| SMITH EVAN | Attorney for Plaintiff |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past
Proceedings

| 9/24/2025 | Proof of Service by Substituted Service | Filed by Anthony Ferreiro (Plaintiff) |
|---|---|---|
| 9/8/2025 | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| 9/8/2025 | Notice of Case Management Conference | Filed by Clerk |
| 8/29/2025 | Alternative Dispute Resolution Packet | Filed by Clerk |
| 8/29/2025 | Civil Case Cover Sheet | Filed by Anthony Ferreiro (Plaintiff) |
| 8/29/2025 | Complaint | Filed by Anthony Ferreiro (Plaintiff) |
| 8/29/2025 | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| 8/29/2025 | Summons | Filed by Anthony Ferreiro (Plaintiff) |

## PROCEEDINGS HELD

Case Information  |  Register Of Actions  |  FUTURE HEARINGS  |  PARTY INFORMATION  |  Documents Filed  |  Past Proceedings

## REGISTER OF ACTIONS

Case Information  |  Register Of Actions  |  FUTURE HEARINGS  |  PARTY INFORMATION  |  Documents Filed  |  Past Proceedings

| | |
|---|---|
| 9/24/2025 | Proof of Service by Substituted Service; Filed by: Anthony Ferreiro (Plaintiff); As to: EyeCandy Eyewear LLC (Defendant); Proof of Mailing Date: 09/22/2025; Service Cost: 140.00; Service Cost Waived: No |
| 9/8/2025 | Case Management Conference scheduled for 12/02/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 54 |
| 9/8/2025 | Notice of Case Management Conference; Filed by: Clerk |
| 9/8/2025 | Clerks Certificate of Service By Electronic Service; Issued and Filed by: Clerk; As to: Evan Smith (Attorney) |
| 8/29/2025 | Complaint; Filed by: Anthony Ferreiro (Plaintiff); As to: EyeCandy Eyewear LLC (Defendant) |
| 8/29/2025 | Civil Case Cover Sheet; Filed by: Anthony Ferreiro (Plaintiff); As to: EyeCandy Eyewear LLC (Defendant) |
| 8/29/2025 | Summons on Complaint; Issued and Filed by: Anthony Ferreiro (Plaintiff); As to: EyeCandy Eyewear LLC (Defendant) |
| 8/29/2025 | Alternative Dispute Resolution Packet; Filed by: Clerk |
| 8/29/2025 | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| 8/29/2025 | Case assigned to Hon. Maurice A. Leiter in Department 54 Stanley Mosk Courthouse |

Back To Top

## PROOF OF SERVICE

### *Anthony Ferreiro v. EyeCandy etc.*

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On October 20, 2025, I served true copy(ies) of the **NOTICE OF REMOVAL OF ACTION**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: sking@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 20, 2025, at Los Angeles, California.

/s/ Sandra Young-King

Sandra Young-King

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1

**SERVICE LIST**

2

3  Evan J. Smith                              Attorneys for Plaintiff ANTHONY
   Ryan P. Cardona                            FERREIRO
4  BRODSKY SMITH
5  9465 Wilshire Blvd., Ste. 300
   Beverly Hills, CA 90212
6  Telephone: (877) 534-2590
7  Facsimile: (310) 247-0160
   esmith@brodskysmith.com
8  rcardona@brodskysmith.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000